**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**CURTIS LEE DRAYTON, #09299-002**                                       **PETITIONER**

**VERSUS**                                        **CIVIL ACTION NO.  3:13-cv-849-DCB-MTP**

**WARDEN FISHER and
UNITED STATES OF AMERICA**                                         **RESPONDENTS**

<u>**MEMORANDUM OPINION**</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal.  On October 29, 2013, *pro se* Petitioner Curtis Lee Drayton filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  Drayton is presently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi, and attacks his federal convictions and life sentence.  Upon review of the Petition [1], Responses [3, 5], and Amended Petitions [4, 6], along with the applicable case law, the Court has reached the following conclusions.

**I. Background**

Drayton was convicted of (1) engaging in a CCE;  (2) distributing cocaine base;  (3) three counts of distributing cocaine;  and (4) one count of possession with intent to distribute cocaine in the Middle District of Alabama.  *United States v. Drayton*, No. 2:94-cr-62 (M.D. Ala. June 12, 1995).  The court sentenced Drayton on May 22, 1995, to life imprisonment on the CCE conviction, 240 months on each of the four distribution counts, and life imprisonment on the possession count.  *Id*.  All sentences run concurrently.  *Id*.

Drayton appealed his convictions, and the Eleventh Circuit affirmed in 1998.  *United States v. Morrow*, 156 F.3d 185 (11th Cir. 1998);  *Drayton v. United States*, No. 2:06-cv-65, 2006 WL 1528606 at *1 n.2 (M.D. Ala. May 26, 2006)(citing *Morrow*).  In 2003, the sentencing

court denied Drayton's first § 2255 petition. *United States v. Drayton*, No. 2:94-cr-62 (M.D. Ala. July 16, 2003). Since that time, Drayton has been denied leave to file numerous successive § 2255 petitions. *In re: Drayton*, No. 11-15038 (11th Cir. Nov. 14, 2011); *In re: Drayton*, No. 11-13498 (11th Cir. Aug. 22, 2011); *In re: Drayton*, No. 10-12036 (11th Cir. May 28, 2010); *Drayton v. United States*, No. 2:06-cv-65, 2006 WL 1528606 at *3 (M.D. Ala. May 26, 2006).

In 2012, Drayton sought and was denied habeas relief under 28 U.S.C. § 2241 in this Court. *Drayton v. Longley*, No. 5:12-cv-45 (S.D. Miss. Apr. 23, 2012), *appeal dismissed*, No. 12-60352 (5th Cir. June 21, 2012). The Court found Drayton's grounds for relief did not attack the execution of his sentence and the petition failed to satisfy the requirements to proceed under the savings clause. *Id.*

Drayton's most recent attempt at post-conviction relief with the sentencing court was filed on August 28, 2013, in the form of a § 2255 motion. *Drayton v. United States*, No. 2:13-cv-617 (M.D. Ala. Oct. 31, 2013). Drayton claimed that his sentence was invalid in light of the United States Supreme Court's holding in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). *Id.* On October 31, 2013, the sentencing court dismissed the § 2255 motion as a successive petition. *Id.*

Likewise, in the instant § 2241 petition Drayton claims that he is entitled to habeas relief based on the Supreme Court decision in *Alleyne*.[1] Specifically, he states that "in light of *Alleyne*, Petitioner's conviction[s] and sentence[s] under all counts were obtained in violation of his rights under the Fifth, Sixth and Fourteenth Amendments." Am. Pet. [6] at 6. Drayton also

---

[1] *Alleyne* explicitly relied on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and held that, generally, any fact that increases the mandatory minimum of a sentence must be found by a jury. *Alleyne*, 133 S.Ct. at 2155.

maintains that the Supreme Court decision in *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013),[2] dictates that his CCE conviction must be vacated, because "the evidence" establishes that he is actually innocent. *Id*. As relief, Drayton has asked for an emergency hearing, for a transfer of this case to the sentencing court and for an order vacating his convictions and sentence. *See* Pet. [1] at 4; Am. Pet. [4] at 9; Am. Pet. [6] at 9.

## II. Analysis

A federal inmate may attack the manner in which his sentence is being carried out or the prison authorities' determination of its duration in a habeas petition pursuant to 28 U.S.C. § 2241, filed in the same district where the prisoner is incarcerated. *See Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000). By contrast, a federal inmate's challenge to the validity of his conviction or sentence should be pursued in a motion pursuant to 28 U.S.C. § 2255, filed in the sentencing court. "[T]he primary means of collateral attack on a federal sentence" is a § 2255 motion. *Id.* (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). If a prisoner is challenging errors that "occurred during or before sentencing" his claims should be pursued in a § 2255 motion. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997)(citations omitted). Furthermore, a habeas petition under § 2241 is not a substitute for a motion under § 2255. *Pack*, 218 F.3d at 452 (citations omitted).

However, "[u]nder the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002)(citing *Pack*, 218 F.3d at 452.). In order

---

[2]In *McQuiggin*, the Supreme Court held that "a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of 'actual innocence' . . .". *In re Warren*, No. 12-10612, 2013 WL 3870423 at *1 (5th Cir. July 29, 2013)(citing *McQuiggin*, 133 S.Ct. at 1928.).

for a prisoner to meet the stringent "inadequate or ineffective" requirement, he "must show that (1) his claims are based on a retroactively applicable Supreme Court decision which establishes he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion." *Id.* (citing *Reyes-Requena v. U.S.*, 243 F.3d 893, 904 (5th Cir. 2001)).  Drayton bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001)("[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner.").

Drayton clearly attacks the validity of his convictions and sentences in the instant case, therefore, he cannot pursue these claims in a § 2241 petition unless he can demonstrate that he is entitled to relief under the savings clause.   At best, Drayton contends that he meets the requirements to proceed under the savings clause because (1) the Supreme Court decisions he relies on as support for his claims were handed down in 2013;  (2) he has already been denied relief under § 2255;  and (3) future attempts would be barred as successive petitions.

The Fifth Circuit recently rejected a federal inmate's attempt to proceed under the savings clause with claims based on *McQuiggin* and *Alleyne.  See Griffin v. Longley,* No. 13-60105, 2013 WL 6234581  (5th Cir. Dec. 3, 2013) (affirming dismissal of § 2241 petition by custodial court)*.*  The Court stated that *McQuiggin* and *Alleyne*  "do not support a holding that Griffin's claim is based on a retroactively applicable Supreme Court opinion indicating that he was convicted [in 1999] of a nonexistent offense and that his claim was foreclosed when it otherwise should have been raised." *Id.* at *1 (citing *Reyes-Requena*, 243 F. 3d at 904).

Likewise, this Court finds that Drayton's claims based on *McQuiggin* and *Alleyne* do not satisfy the factors set forth in *Reyes-Requena*.

Furthermore, the law is clear that "a prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement, does not make § 2255 inadequate or ineffective." *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000); *see also Pack*, 218 F.3d at 452-53 (finding an inmate's failure to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy). As such, the Court concludes that Drayton does not meet the requirements to proceed with his claims under the savings clause.

As a final point the Court advises Drayton that "[s]ection 2241 is simply not available to prisoners as a means of challenging a result previously obtained from a court considering their petition for habeas relief." *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000) (holding relief is not available in a § 2241 petition under the savings clause based on grounds previously denied in a § 2255 motion). Drayton is cautioned that multiple attempts to invalidate his federal sentence based on identical grounds will be found to be an abuse of the writ. *See Falcetta v. U.S.,* 403 F. App'x 882, 883 (5th Cir. 2010) (finding to the extent inmate's § 2241 petition raises issues already decided it is an abuse of the writ); *Jennings v. Menifee*, 214 F. App'x 406, 407 (5th Cir. 2007)(affirming dismissal of federal inmate's repetitive § 2241 petition as an abuse of the writ). With that said, the Court is warning Drayton that any future abuse of the writ findings will lead to the imposition of sanctions, including but not limited to monetary fines or restrictions on his ability to file *pro se* actions in this Court.

**III. Conclusion**

Since Drayton's claims do not meet the stringent requirements of the savings clause, he

will not be allowed to proceed with this action for habeas corpus relief pursuant to § 2241.

Accordingly, this Petition for habeas relief shall be dismissed as frivolous. *Ojo*, 106 F.3d at 683. Further, to the extent the Petition can be construed as a § 2255 motion it shall be dismissed for lack of jurisdiction. *Pack,* 218 F.3d at 454. Finally, Drayton's request to transfer this case to the sentencing court is denied. *See Dudley v. Hastings*, 79 F. App'x 728, 729 (5th Cir. 2003)(citations omitted)(holding that custodial court did not abuse its discretion by declining to transfer habeas petition to sentencing court after finding inmate did not meet savings clause and he had previously filed a § 2255 motion with the sentencing court).

A Final Judgment in accordance with this Memorandum Opinion shall be issued.

SO ORDERED, this the   13th    day of January, 2014.

                                          s/David Bramlette
                                          UNITED STATES DISTRICT JUDGE